

# In the Missouri Court of Appeals
# Eastern District

**DIVISION TWO**

| | | |
|---|---|---|
| IN THE INTEREST OF I.J., | ) | No. ED109406 |
| | ) | |
| | ) | Appeal from the Circuit Court of the |
| | ) | City of St. Louis |
| | ) | Cause No. 2022-JU00023 |
| | ) | |
| | ) | |
| | ) | Honorable Steven R. Ohmer |
| | ) | |
| | ) | Filed: May 17, 2022 |
| | ) | |

**OPINION**

I.J. (Appellant) appeals the juvenile court's judgment finding he committed robbery first degree and while acting with another in violation of the Revised Statutes of Missouri.[1] Appellant claims (1) the court violated his right to confrontation by prohibiting him from attending his adjudication hearing in person but allowing him to participate remotely by videoconference due to COVID-19 restrictions and (2) the photographic lineup used to identify Appellant was impermissibly suggestive. Considering the recent Missouri Supreme Court opinions, *J.A.T. v. Jackson County Juvenile Office,* 637 S.W.3d 1 (Mo. banc 2022) and *C.A.R.A. v. Jackson County Juvenile Office,* 637 S.W.3d 50 (Mo. banc 2022), we are compelled to reverse the juvenile court's right to confrontation determination and remand for further proceedings. Since we

---

[1] All statutory references are to RSMo. 2017 unless otherwise indicated.

reverse on the confrontation issue, we do not address Appellant's second point challenging the photographic lineup.

## Factual and Procedural Background

Appellant is a juvenile residing with his mother in the City of St. Louis. On January 10, 2020, the Juvenile Officer charged Appellant with one count of robbery first degree and one count of resisting arrest in cause 2022-JU00023. More specifically, the Juvenile Officer alleged that Appellant, while acting with another, forcibly stole a wallet, purse, $600.00 in cash and a credit card belonging to the complaining witness and Appellant, or another participant in the crime, displayed what appeared to be a deadly weapon on June 20, 2019. When the police attempted to apprehend Appellant later that same day, he allegedly resisted their efforts to detain him by fleeing from the officers.[2] Additionally, the Juvenile Officer alleged Appellant violated the court's pre-trial release order when failing to recharge his GPS-monitoring device, choosing to associate with Emmanuel Bennett and leaving his mother's home past curfew without permission.

At the November 30, 2020 adjudication hearing, Appellant's attorney objected to the court prohibiting Appellant from attending the hearing in person despite allowing him to participate remotely through Webex. The court denied the motion, finding Appellant's participation by videoconference was a necessary, precautionary measure considering the risks associated with COVID-19, was consistent with Missouri Supreme Court guidance and did not

---

[2] Initially, the Juvenile Officer charged Appellant with one additional count of robbery first degree and one count of tampering second degree due to Appellant's alleged criminal conduct involving a different complaining witness who was unavailable to testify at trial. Prior to the adjudication hearing, the Juvenile Officer dismissed, without prejudice, these two counts, leaving one count of robbery first degree, one count of resisting arrest and an allegation of violating the conditions of release.

2

infringe upon his constitutional rights.[3] Appellant did not testify at the adjudication hearing. On December 7, 2020, the court found the Juvenile Officer proved beyond a reasonable doubt that Appellant committed robbery first degree, while acting with another, in violation of §§ 570.023 and 562.041 respectively and he violated the conditions of his pre-trial release. The court found Appellant not guilty of resisting arrest.

He appealed, arguing the juvenile court's decision violated his right to confrontation. On November 18, 2021, this court stayed the appeal pending the Missouri Supreme Court's decisions in *J.A.T.* and *C.A.R.A.*, which specifically addressed COVID-19's impact on the Confrontation Clause, U.S. Const. amends. VI, XIV. Both cases were reversed and remanded on January 11, 2022. The stay involving this matter was lifted and both parties filed supplemental briefs indicating the judgment must be reversed based on the Missouri Supreme Court rulings.

## Standard of Review

We review juvenile proceedings in the same manner as other court-tried cases. *J.A.T.*, 637 S.W.3d at 6. This is because "the possibility of a deprivation of liberty [is] equivalent to criminal incarceration." *Id.* at 7. We will affirm the juvenile court's judgment unless it is not supported by the evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Id.* at 6. Alleged constitutional rights violations are questions of law and are reviewed *de novo*. *Id.* When properly preserved, constitutional violations are presumed prejudicial. *Id.* at 7.

## Discussion

---

[3] Appellant was in custody at the time of his adjudication proceeding. Sometime following the Juvenile Officer filing multiple count criminal allegations, he was initially released. Later, juvenile authorities accused him of violating his conditions of release and he was detained again.

3

Appellant claims his participation in the adjudication hearing via two-way, live videoconference violated his constitutional right under the Confrontation Clause. Considering Appellant objected to a virtual adjudication during the hearing, he properly preserved his claim for appeal. *See C.A.R.A.,* 637 S.W.3d at 54.

In *C.A.R.A.,* the Missouri Supreme Court analyzed the constitutional implications of witness testimony presented via two-way, live videoconference in a juvenile delinquency case and held that COVID-19 concerns are insufficient to override an individual's constitutional right to confront adverse witnesses "face-to-face" during an adjudication hearing. In *J.A.T.*, the Court similarly held that generalized concerns about COVID-19 do not justify denying an individual's constitutional right under the Confrontation Clause to physically attend the juvenile adjudication hearing.

"One of the most basic rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of trial." *J.A.T.*, 637 S.W.3d at 7 (citing *Illinois v. Allen,* 397 U.S. 337, 338 (1970)). The right to confrontation is also applicable in juvenile delinquency proceedings due to the potential deprivation of liberty or the equivalent to criminal incarceration. *Id*. Although this right is not absolute, it is not easily marginalized. *C.A.R.A.*, 637 S.W.3d at 56.[4]

*J.A.T.* dictates that the right to confrontation is violated if the juvenile is denied physical, in-person attendance at the adjudication hearing due to general circumstances concerning the COVID-19 pandemic. *J.A.T.,* 637 S.W.3d at 10. In *J.A.T.*, the juvenile court cited the detention facility's policy against transporting juveniles to and from court to limit possible exposure to

---

[4] As discussed in *J.A.T.* and *C.A.R.A.*, exceptions to the right to confrontation include voluntary waiver, continued disruptive behavior during courtroom proceedings, and other witness-specific conditions satisfying the "important public policy" standard under *Maryland v. Craig*, 497 U.S. 836 (1990). *J.A.T.*, 637 S.W.3d at 8; *C.A.R.A.*, 637 S.W.3d at 56-58.

COVID-19 but did not attribute any fault to the juvenile when excluding him from the courtroom. *Id*. at 9-10.[5] The Missouri Supreme Court held that the court's reasoning could not overcome the constitutional guarantees allowing him to physically attend his adjudication hearing. *Id*. at 10.

The factual circumstances and issues in this matter are mostly identical to *J.A.T.* and require us to reverse the juvenile court. The juvenile court only allowed Appellant to attend his adjudication proceeding virtually rather than in person. When doing so, the juvenile court attributed his exclusion from court as a consequence of generalized concerns regarding COVID-19. The juvenile court reasoned that the precautionary measures were warranted due to the circumstances created by the pandemic, while emphasizing the need to protect juveniles in detention. While genuinely expressed, the juvenile court's reasoning conflicts with higher authority. The Missouri Supreme Court held that these general concerns were insufficient to override Appellant's constitutional right to be physically present for his adjudication hearing. *J.A.T.* at 10.

## Conclusion

When citing COVID-19 concerns as the reason for limiting Appellant's ability to attend his adjudication proceeding virtually rather than in person, the juvenile court violated Appellant's constitutional right to confrontation, pursuant to *J.A.T.* This matter is reversed and remanded to the juvenile court for proceedings consistent with this opinion.

---

[5] Moreover, the Court found J.A.T.'s virtual attendance violated the Court's COVID-19 Operational Directives, stating that "nothing in this Court's Operational Directives granted permission to conduct J.A.T.'s adjudication hearing with J.A.T. appearing via two-way video from the detention facility." *J.A.T.*, 637 S.W.3d at 9. The Court also found the juvenile's attendance via videoconference violated Missouri Supreme Court Rule 128, which requires the juvenile's presence at all times during hearings subject to few exceptions. *Id*. at 7-8.

_____
Thomas C. Clark II, Judge

Robert M. Clayton III, P. J., and
Gary M. Gaertner, Jr., J., concur.